1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE DISTRICT OF ARIZONA**

8

9   Joel Fox,                          )   No. CV-11-594-PHX-SMM
                                       )
10              Plaintiff,             )   **MEMORANDUM OF DECISION AND**
                                       )              **ORDER**
11  v.                                 )
                                       )
12  CoxCom Incorporated,               )
                                       )
13              Defendant.             )
                                       )
14  _____ )

15          Before the Court is the Motion for Summary Judgment or in the Alternative for Partial

16  Summary Judgment by Defendant CoxCom Incorporated ("Cox").  (Doc. 39.)  Plaintiff Joel

17  Fox has responded, Defendant has replied, and the matter is fully briefed.  (Docs. 42-43.)

18  The Court will grant Cox's motion for summary judgment.

19                              **BACKGROUND**

20  **I.     Factual Background**

21          Cox provides telecommunications and electronic communications services to

22  consumers.  Plaintiff is a former Captain of the Maricopa County Sheriff's Office.  During

23  his employment there, Plaintiff came under investigation by the Arizona Attorney General's

24  Office ("AAGO") for his alleged involvement in violations of campaign finance law.

25          On December 29, 2008, Cox received a Grand Jury subpoena ordering it to produce

26  information regarding Plaintiff's Cox account to Special Agent Michael Edwards of the

27  AAGO.  (Doc. 40-1 at 8.)  The subpoena instructed Cox to produce:

28          Subscriber information, including name, address, telephone number; payment
            history including electronic payment information, checking account
            information or credit card number; service or installation records; all for the

registered owner and authorized user(s) of the following screennames, addresses or accounts:

> J Fox@cox.net
> J_fox@cox.net

and any related screennames, addresses or accounts.  Customer's name is believed to be Joel Fox.

(Id. at 11.)

Also on December 29, Assistant Attorney General Todd C. Lawson sent Cox a letter instructing it to preserve records and evidence relating to Plaintiff's account.  (Id. at 13.) Specifically, the AAGO requested that Cox locate and preserve the following:

> From January 1, 2008 to present: All stored data, including any stored electronic mail; all for the registered owner and authorized user(s) of the following screennames, addresses or accounts:
>
> J Fox@cox.net
> J_fox@cox.net
>
> and any related screennames, addresses or accounts.

(Id.)

Pursuant to Cox's company policy, both the subpoena and the preservation request were handled by Cox's "Subpoena Compliance Office" in Atlanta, Georgia.  (Id. at 2.)  Cox provides a Subpoena Training Manual for instruction to the employees of this office, which establishes the procedures to be followed in responding to a subpoena, search warrant, or preservation request.  (Id. at 3.)

Upon receiving the AAGO requests, a "Subpoena Coordinator" named Saquonna Wheeler sent an e-mail to her employees in the Subpoena Compliance Office instructing them to preserve any e-mail content for the identified accounts and all related accounts.  (Id. at 4.)  Ms. Wheeler received in response from her employees a large electronic file that contained e-mail content from the identified accounts.  (Id.)

On January 30, 2009, Ms. Wheeler provided to the AAGO the information requested by the December 29, 2008 Grand Jury subpoena.  (Id.)  Subsequently, on February 22, 2009, Special Agent Edwards faxed to Cox a search warrant dated February 20, 2009. (Id. at 4, 16-

20.)  The fax cover letter read:

> Search warrant for e-mail content and address book for j_fox@cox.net. Attached is a search warrant for e-mail content and the address book for Joel Fox using the e-mail address j_fox@cox.net. On December 29th, 2008 a preservation letter for this account was faxed to you.  (I have also included a copy of that letter.)  Please send the results of the warrant to me in form of a CD.

(Id. at 16.)  The search warrant identified the following materials to be produced by Cox:

> 1) All e-mail communications to and from account J_Fox@cox.net between October 6th, 2006, and February 19th, 2009 including all header information.
>
> 2) All address book information in the account J Fox@cox.net, including names, e-mail addresses, and other identifying information.

(Id. at 19.)

In response to this fax, Ms. Wheeler provided to the AAGO the file containing e-mails from Plaintiff's account, which had previously been compiled by her team in response to the December 29 preservation letter.  (Id. at 5.)  The file included information and e-mails from not only the J_Fox@cox.net address, but also from two additional e-mail addresses registered to the single Cox account belonging to Plaintiff and his wife.  (Id.)  Among these e-mail addresses were jdzorro@cox.net and cfox@cox.net.  (Id.)

Subsequently on March 3, 2009, Special Agent Edwards of the AAGO sent to Cox a letter entitled "Additional information needed to comply with Search Warrant."  (Id.)  This letter specifically requested more information regarding the jdzorro@cox.net e-mail address. (Id. at 5-6.)  In response to this letter, Ms. Wheeler provided further data relating to that e-mail address.  (Id. at 6.)

The AAGO later obtained a search warrant for Plaintiff's home and home computer.  (Id. at 42-53.)  Among the data the AAGO obtained from Plaintiff's home computer were personal e-mails between Plaintiff and another member of the Maricopa County Sheriff's Office.  (Doc. 40-3 at 30.)  Some of these e-mails were later quoted or reproduced in a special report authored by the AAGO, and were in turn later re-published or quoted in various media including newspaper articles.

- 3 -

## II.     Procedural Background

On March 30, 2011, Plaintiff initiated this suit against Cox, asserting one count of violation of 18 U.S.C. § 2701 et seq., the Stored Communications Act ("the Act").  (Doc. 1 at 4.)  Plaintiff alleges that Cox violated the Act by producing the e-mails from his jdzorro@cox.net account, and that this violation caused him to suffer various emotional harms entitling him to actual and punitive damages in an amount to be determined at trial. (Id.)

## LEGAL STANDARD

## I.     Summary Judgment

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).  Substantive law determines which facts are material.  See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248.  The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party."  Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  Celotex, 477 U.S. at 323-24.  Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994).  The moving party need not disprove matters on which the opponent has the burden of proof at trial.  See Celotex, 477 U.S. at 323-24.

The party opposing summary judgment need not produce evidence "in a form that

1    would be admissible at trial in order to avoid summary judgment." Id. at 324.  However, the

2    nonmovant "may not rest upon the mere allegations or denials of [the party's] pleadings, but

3    . . . must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV.

4    P. 56(e); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88

5    (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

6    **II.     The Stored Communications Act**

7         18 U.S.C. § 2707(a) provides a cause of action for any person against a provider of

8    electronic communications services who improperly discloses electronically stored personal

9    information.  However, it is a complete defense to such an action that the disclosure was

10   made in good faith reliance on a court warrant or order, a grand jury subpoena, a legislative

11   authorization, or a statutory authorization.  18 U.S.C. § 2707(e)(1).

12        While "good faith reliance" is not defined in 18 U.S.C. § 2701 et seq., the court in

13   Jacobson v. Rose discussed a nearly identical provision in Section 2520, which provides a

14   civil action for interception or disclosure of electronic communications.  592 F.2d 515, 523

15   (9th Cir., 1978).  There, the court analyzed 18 U.S.C. § 2520(d), which provides that it is a

16   complete defense to an action under Section 2520(a) that the interception or disclosure was

17   made in good faith reliance on: "a court warrant or order, a grand jury subpoena, a legislative

18   authorization, or a statutory authorization."  Id.  The court held that in that context, a

19   defendant may assert a good faith reliance defense where: (1) "he had a subjective good faith

20   belief that he acted legally pursuant to a court order"; and (2) "this belief was reasonable."

21   Id.

22                          **DISCUSSION**

23        Cox brings this motion for summary judgment, contending that Plaintiff has failed to

24   establish a genuine dispute of material fact suitable for trial, and that Plaintiff's claim fails

25   as a matter of law.  Cox asserts that because it made its disclosures to the AAGO in good

26   faith reliance on a search warrant, it has a complete defense to this action.  Plaintiff counters

27   by arguing that Cox exceeded the scope of the warrant, and that the reasonableness of those

28   excess disclosures is a genuine issue of material fact suitable for a jury.

1    The Court finds that Plaintiff fails to establish that a genuine dispute of triable fact

2 exists in this case, and finds that Plaintiff's claim fails as a matter of law.  It is undisputed

3 that Cox received a Grand Jury subpoena ordering it to give to the AAGO evidence regarding

4 the J Fox@cox.net accounts "and any related screennames, addresses, or accounts." (Doc.

5 40-1 at 11.)  On that same day, Cox also received a preservation request from the AAGO

6 which instructed Cox to preserve e-mails and other data from those two accounts "and any

7 related screennames, addresses, or accounts."  (Id. at 13.)

8    In accordance with these directives, Ms. Wheeler of Cox's Subpoena Compliance Unit

9 gathered the requested information.   Then, Cox received from AAGO Special Agent

10 Edwards the warrant of February 20, 2009, which explicitly referenced, and included a copy

11 of, the previous preservation request letter.  Ms. Wheeler responded by disclosing all of the

12 information which she had previously gathered pursuant to the preservation request.

13    Cox contends that the disclosure of e-mails from the additional addresses was made

14 in good faith reliance on the search warrant.  In support of this, Cox submits the sworn

15 affidavit of Ms. Wheeler, in which she avows that she followed Cox's established procedures

16 in responding to the warrant, and that she believed that the warrant required her to disclose

17 all of the information that she did.  (Doc. 40-1 at 3-5.)

18    Plaintiff argues first that the disclosure was not made in reliance on the warrant at all,

19 but rather in reliance on the preservation request letter. (Doc. 42 at 3.)  Therefore, according

20 to Plaintiff, Cox cannot assert a good faith reliance defense.  (Id.)

21    Plaintiff's argument is without merit.  It is undisputed that Cox did not make any

22 disclosure pursuant to the preservation letter until after receiving the warrant of February 20,

23 2009.  Although Cox, through Ms. Wheeler, had already gathered the information relating

24 to Plaintiff's e-mail addresses in response to the preservation request, the disclosure itself

25 was made in response to the search warrant.  Therefore, Cox correctly asserts good faith

26 reliance on that warrant as a defense to this action.

27    Second, Plaintiff argues that because the search warrant did not explicitly identify the

28 jdzorro@cox.net or cfox@cox.net e-mail addresses, Cox's disclosure unreasonably exceeded

1    the scope of the warrant and thus the good faith defense must fail.  However, Plaintiff offers

2    nothing to counter Cox's evidence of Ms. Wheeler's subjective good faith belief that she was

3    acting pursuant to the warrant.  Plaintiff merely asserts, without support, that the disclosure

4    was not made in good faith reliance on the warrant, because "[i]t should be common sense

5    that in order to act pursuant to a court order one would need to comply with the court order,"

6    and it "cannot be possible to act in good faith pursuant to a court order and at the same time

7    exceed the scope of that court order."  (Doc. 42 at 3.).

8            Plaintiff fails to offer any legal authority for his interpretation of "good faith reliance,"

9    nor does he offer any evidence to show that Ms. Wheeler did not act with a subjective good

10   faith belief that she was acting lawfully pursuant to the warrant.  Thus, Cox's evidence that

11   it held a good faith belief in the reasonableness of the disclosure is undisputed.

12           Nevertheless, Plaintiff argues, the objective reasonableness of Cox's action in

13   disclosing e-mail addresses not specifically listed in the search warrant is a question of fact

14   for the jury.  (Doc. 42 at 4.) The Court finds, however, that this issue is a legal one for the

15   Court to decide.[1]  Moreover, the Court finds that Plaintiff offers no evidence of a genuine

16   dispute of material fact suitable for a jury on any issue.  While Plaintiff need not produce

17   evidence in a form that would be admissible at trial in order to avoid summary judgment, he

18   "may not rest upon the mere allegations or denials of [his] pleadings, but . . . must set forth

19   specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e); see

20   Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986);

21   Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  This, Plaintiff has

22

23   _____

24           [1] Although there is a lack of authority on this point, Plaintiff fails to direct the Court
     to any source suggesting that the objective reasonableness of Cox's reliance is a question of
25   fact rather than law.  Nor can the Court find any controlling authority directly on-point to
     suggest the answer, discovering only one district court case in which the court treated this
26   issue as one of fact for the jury.  (See Freedman v. America Online, Inc., 325 F.Supp.2d 638,
     649 (E.D. Va., 2004); but see McCready v. eBay, Inc., 453 F.3d 882, 891-92 (7th Cir., 2006)
27   (in which the court granted the defendant's motion to dismiss the plaintiff's claim under the
     Stored Communications Act, finding that the defendant's disclosure was made in good faith
28   reliance on a subpoena).)

1  not done.  He directs the Court to no specific facts by which a reasonable jury could find that
2  Cox's disclosure was objectively unreasonable.  Plaintiff merely asserts that Cox acted
3  unreasonably – and without more, his claim cannot survive summary judgment.

4         In contrast to Plaintiff's unsupported claim, the undisputed facts show that in a single
5  day Cox received from the AAGO a grand jury subpoena and a preservation request, both
6  of which instructed Cox to gather information regarding not only the J_Fox@cox.net
7  account, but also "any related screennames, addresses, or accounts."  This language thus
8  explicitly directed Cox's search to any other e-mail addresses connected to Plaintiff's
9  account, and Cox properly located and preserved the e-mails from those several addresses.

10        Thereafter, Cox received a search warrant from the AAGO, and the search warrant
11 explicitly referenced and included a copy of that prior preservation request; and Ms. Wheeler
12 avows that she followed Cox's established procedures in responding to the warrant.  Thus,
13 Cox offers uncontroverted evidence showing that it reasonably interpreted the warrant to
14 require  disclosure  of  all  information  regarding  the  related  addresses,  such  as  the
15 jdzorro@cox.net e-mail address also registered to Plaintiff's Cox account.  Because Plaintiff
16 offers no substantive evidence whatsoever in support of his claim to the contrary, there is no
17 evidence by which a reasonable jury could find that Cox acted unreasonably.

18        Finally, the Court notes that Plaintiff additionally contends that Cox's disclosure was
19 unreasonable in that it produced e-mails outside of the date range specified in the warrant.
20 (Doc. 42 at 1.)  However, Plaintiff again cites to no evidence in support of this assertion.
21 Thus, the Court finds that Plaintiff fails to establish a genuine dispute of material fact on  this
22 issue as well.

23        Therefore, after considering all contested and uncontested facts, and viewing the
24 evidence in the light most favorable to Plaintiff, the Court finds that there is no genuine
25 dispute suitable for trial in this case.  Plaintiff's claim fails because Cox has a complete
26 defense in its good faith reliance on the search warrant, and thus summary judgment in Cox's
27 favor is appropriate.

28

1

**CONCLUSION**

2    For the foregoing reasons,

3    **IT IS HEREBY ORDERED granting** Cox's Motion for Summary Judgment. (Doc.

4  39.)

5    **IT IS FURTHER ORDERED vacating** all pending deadlines, the Final Pretrial

6  Conference set for January 7, 2013, and the Jury Trial set for July 15, 2013.

7    **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment for

8  Defendant Cox, Plaintiff to take nothing, each party to bear its own costs.

9    **DATED this 3rd day of December, 2012.**

10

11

12                    Stephen M. McNamee
13                    Senior United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28